# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT
TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h)
BY A PRISONER IN FEDERAL CUSTODY

NAME:

John B. Ohle, III

PLACE OF CONFINEMENT:

Probation

PRISONER NUMBER:

### Instructions–Read Carefully

(1)    This motion must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury.  All documents must be on 8½ x 11 inch paper; the Court will not accept other paper sizes.  Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)    All questions must be answered concisely in the proper space on the form.

(3)    Movant seeking leave to file a second or successive petition is required to use this form.

(4)    Movant may use additional pages only to explain additional grounds for relief and facts that support those grounds.  Separate petitions, motions, briefs, arguments, etc. should not be submitted.

(5)    In capital cases only, the use of this form is optional, and separate petitions, motions, briefs, arguments may be submitted.

Rev. 10..27..2011

(6)     Movant must show in the motion to the Court of Appeals that the claim to be presented in a second or successive habeas corpus application is based upon either

    (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)     Send the completed motion, the original and two copies, to:

    **Clerk of Court**
    **United States Court of Appeals for the Second Circuit**
    **Thurgood Marshall United States Court House**
    **40 Foley Square**
    **New York, New York 10007**

## MOTION

1.    (a)    State and division of the United States District Court which entered the judgment of conviction under attack
Southern District of New York

     (b)    Case number 08-cr-1109(JSR)

2.    Date of judgment of conviction June 2, 2010

3.    Length of sentence 60 months     Sentencing Judge Hon. Senior Judge Jed Rakoff

4.    Nature of offense or offenses for which you were convicted: See attached, Procedural History

5.    Have you taken a direct appeal relating to this conviction and sentence in the federal court?
Yes ☑   No ☐   If "yes", please note below:

   (a) Name of court Second Circuit Court of Appeals
   (b) Case number Case No. 11-393
   (c) Grounds raised (list all grounds; use extra pages if necessary) Sufficiency challenge of conspiracy, tax evasion and venue; forfeiture challenge; and new trial for Brady violation. See attached, Government Prosecutorial Misconduct.

   (d) Result Denied on summary judgment
   (e) Date of result October 20, 2011

6.    Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
Yes ☑   No ☐
If "yes", how many times? Three (3)     (if more than one, complete 7 and 8 below as necessary
   (a) Name of court  Southern District of New York (JSR)
   (b) Case number 08-cr-1109(JSR)
   (c) Nature of proceeding Rule 29 motion - sufficiency challenge

(d) Grounds raised (list all grounds; use extra pages if necessary) Evidence presented
at trial was insufficient for conviction; evidence failed to prove a single
conspiracy; venue and evidence presented at trial did not support
tax evasion conviction.


(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (X)
(f) Result Denied

(g) Date of result September 24, 2010

7.    As to any second federal motion, give the same information:
      (a) Name of court Southern District of New York (JSR)
      (b) Case number 08-cr-1109
      (c) Nature of proceeding Motion for New Trial


      (d) Grounds raised (list all grounds; use extra pages if necessary)
      Government failed to meet its Brady duties - failure to produce evidence in its
      possession to Ohle prior to trial; and presentation of false evidence at trial.
      See attached, Procedural History and Prosecutorial Misconduct

      (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (X)
      (f) Result Denied by Hon. Senior Judge Jed S. Rakoff
      (g) Date of result February 7, 2011

8.    As to any third federal motion, give the same information:
      (a) Name of court Southern District of New York (JSR)
      (b) Case number 13-cr-450(JSR)
      (c) Nature of proceeding Motion to vacate, set aside, and correct his sentence,
      under Title 28, United States Code, Section 2255 based on ineffective assistance
      of counsel due to government's false representation that it had produced the IRS
      civil investigations prior to trial; and motion for discovery to subpoena IRS.
      (d) Grounds raised (list all grounds; use extra pages if necessary)
      See Prior 28 U.S.C. ß 2255 Proceedings, Procedural History and Prosecutorial
      Misconduct.


      (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (X)
      (f) Result Denied both 2255 and motion for discovery by Hon. Judge Rakoff
      (g) Date of result September 8, 2015

9.  Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)
    (1) First motion No ☑ Yes ☐ Appeal No. _____
    (2) Second motion No ☐ Yes ☑ Appeal No. Case No. 11-393
    (3) Third motion No ☑ Yes ☐ Appeal No. _____

10. If you did not appeal from the adverse action on any motion, explain briefly why you did not: First motion was superseded by motion for new trial when Ohle's counsel learned from counsel in U.S. v. Daugerdas that the government failed to produce 116 boxes of evidence from Jenkens & Gilchrist; and District Court refused certificate of appealability on third motion and Second Circuit denied certificate of appealability. See Case No. 15-3603.

11. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.
    A.   Ground one: Newly discovered evidence that provides clear and convincing proof of Ohle's innocence and prosecutorial misconduct.

         Supporting FACTS (tell your story briefly without citing cases or law):
         See attached, Newly Discovered Evidence.
         _____
         _____
         _____
         _____
         _____

         Was this claim raised in a prior motion? Yes ☐ No ☑

         Does this claim rely on a "new rule of law?" Yes ☐ No ☑
         If "yes," state the new rule of law (give case name and citation):
         Not applicable
         _____
         _____

         Does this claim rely on "newly discovered evidence?" Yes ☑ No ☐
         If "yes," briefly state the newly discovered evidence when it was discovered, and why it was not previously available to you.
         See attached, Newly Discovered Evidence and Specific Prayer for Relief.
         _____
         _____
         _____
         _____
         _____

Page 5

B.    Ground two:  Not applicable _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):
Not applicable _____

_____

_____

_____

_____

_____

Was this claim raised in a prior motion? Yes ☐ No ☐

Does this claim rely on a "new rule of law?" Yes ☐ No ☐
If "yes," state the new rule of law (give case name and citation):

_____

_____

Does this claim rely on "newly discovered evidence?" Yes ☐ No ☐
If "yes," briefly state the newly discovered evidence when it was discovered, and
why it was not previously available to you.

_____

_____

_____

_____

_____

_____

_____

**[Additional grounds may be asserted on additional pages if necessary]**

12.    Do you have any motion or appeal now pending in any court as to the judgment now
under attack? Yes ☑ No ☐
If "yes," Name of court Southern District of N.Y.    Case number 13-cv-450(JSR)

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on  1-26-17
[date]

_____
Movant' s Signature

## PROOF OF SERVICE

Movant must send a copy of this motion and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on  January 26, 2017                    , I mailed a copy of this motion*
[date]

and all attachments to  Second Circuit and government  at the following address:

400 Foley Square, New York, NY 10007 with a copy to Stanley J. Okula,

U.S. Attorney's Office, SDNY, 1 St Andrews Plaza, New York, NY 10007

_____
Movant' s Signature

---

\*      Pursuant to FRAP 25(a), " Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

### Questions 4 and 7 – Procedural History

The Third Superseding Indictment S3 08 Cr. 1109 (JSR) (the "Indictment") was filed on April 1, 2010, against John B. Ohle, III and William Bradley in three counts. Count One charged Ohle and Bradley with conspiracy in violation of 18 U.S.C. § 371. As charged to the jury, the conspiracy had two objects: (1) to commit wire fraud by obtaining fees, directly or indirectly, from Bank One; and (2) to defraud the Internal Revenue Service. Counts Two and Three charged Ohle alone with tax evasion in violation of 26 U.S.C. § 7201 for the years 2001 and 2002, respectively.

The central issue in all three counts of Ohle's case was the government's burden of proof that the third party service provider fees "would foreseeably have resulted in the fraudulent obtaining of monies, directly or indirectly, from Bank One." Jury Instructions, p. 17.

On June 2, 2010, the jury found Ohle and Bradley guilty of all counts of which they were charged. In response to a special interrogatory, the jury found that the Government had proven the guilt of both defendants with respect to both alleged objects of the Count One conspiracy.

On December 7, 2010, Ohle filed a new trial motion, arguing that (1) the Government failed to fulfill its obligations under Brady v. Maryland, 373

U.S. 83 (1965); and (2) the Government presented arguments at trial that it knew or should have known were false and misleading. The District Court denied the second motion, holding that the Government did not violate *Brady*. United States v. Ohle, 2011 WL 651849, at *4. Judge Rakoff also found that the defendants' claims with respect to allegedly undisclosed documents were meritless because virtually all of the allegedly undisclosed documents had, in fact, been turned over by the Government and, moreover, all of the original copies of the undisclosed documents—from the law firm J&G—had been made available to the defendants, had they been requested for review.

Rakoff held in the Memorandum Order denying the motion for new trial: "While Supreme Court in Brady held that the Government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case. 904 F.2d 251, 261 (5th 1990)." "As the Court noted in United States v. Skilling, 554 F.3d 529, 577 (5th Cir. 2009), exceptions to these general principles may exist if it is found that the Government deliberately hid documents within a larger mass of materials or somehow purposefully confounded the defendant's search for exculpatory material . . . As this Court previously found, however, there is

no evidence of bad faith that has been proffered in this case. Accordingly, the Court holds that the Government did not violate Brady. . . "

On October 20, 2011, the Second Circuit affirmed the conviction, holding "Having reviewed the district court's thoughtful and meticulous opinion denying defendants' Rule 33 motions, see United States v. Ohle, No. 3:08-cr-1109(JSR), 2011 WL 651849 (S.D.N.Y. Feb. 7, 2011), we reject their Brady claim as meritless. Defendants can point to only one potentially material document that was not contained in the original electronic database turned over by the government. For the reasons stated by the district court, defendants cannot show a reasonable probability that timely disclosure of this document would have resulted in a different outcome at trial."

Throughout the post-trial proceedings, Ohle has maintained that his criminal conviction was corrupted due to the failure to obtain IRS civil tax shelter promoter audits of his employer and alleged victim, Bank One n/k/a JPMorgan Chase and defunct law firm J&G and the statements of his supervisor Harry "Trey" Dye, III ("Dye") to the IRS.

Ohle hereby files this successive habeas petition due to the recently obtained new evidence that supports Ohle's actual innocence and the government's admission that it failed to produce the IRS administrative files from its civil tax shelter promoter audits of Bank One and J&G prior to trial.

Prior to the admission, Okula had engaged in a six-year systematic pattern of concealing the exculpatory investigations. Similarly, the government concealed Dye's statements to the IRS prior to trial notwithstanding having actual knowledge of the January 31, 2008 IRS interview and the specific pre-trial request of the materials by Ohle's trial counsel Stuart Abrams.

## Question 5 and 8: Government prosecutorial misconduct

Ohle has contended throughout his post-trial proceedings that the government failed to produce the IRS civil investigations to him prior to trial, denying Ohle evidence critical to his preparation for and defense at trial. In fact, Abrams specifically represented in his motion for new trial that the government had failed to produce the evidence that proved just the "opposite" of the 1.8% fee it presented to the jury that was "false" and "cut across all aspects of the government's case."

However, the government falsely represented to Ohle and the Court that it had produced the administrative files from the IRS prior to trial, and obtained an unjust order denying the motion for new trial due to Okula's fraudulent representations that (1) the government had produced all materials in its possession to Ohle prior to trial; (2) that Abrams failed to obtain the materials in the electronic discovery and the physical J&G boxes; and (3) that the evidence was not exculpatory. See Ohle's motion for relief pursuant to F.R.C.P. 60(b)(3), 13-cv-450 (JSR), Docs. 61 and 62.

Similarly, the government also obtained a corrupted order from the Second Circuit based on its false representation that it had produced the evidence to Ohle prior to trial, resulting in the Second Circuit holding. The government's fraudulent "shell game" continued throughout the post-trial

proceedings, including the denials of his motion for discovery, 28 U.S.C. § 2255 petition, and certificate of appealability, that raised this precise issue.

The government's fraud related to its pre-trial production misrepresentations, in and of itself, resulted in the 2255 filing claiming ineffective assistance of counsel instead of prosecutorial misconduct from the outset.

## Question 8:  Prior 28 U.S.C. § 2255 Proceedings

Ohle's prior 28 U.S.C. § 2255 proceedings were corrupted based on the government's false representations to the district court and this Honorable Court that it had produced to Ohle all evidence in its possession prior to trial, alleging that Ohle's trial counsel Abrams failed to obtain the evidence.   Abrams, and this Honorable Court, accepted the false representation from the government denying the motion for new trial.  The district court held, "onus on Abrams" and Second Circuit "met Brady", but new developments prove prosecutorial misconduct and support Ohle's contention that Abrams proceeded to trial without the exculpatory evidence and failed to thwart the government's presentation of false evidence at trial, as well as the government's concealment and suppression of exculpatory evidence.

On May 12, 2016, this Honorable Court denied Ohle's certificate of appealability without discussion, holding

> Appellant moves for a certificate of appealability.   Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED because Appellant has not "made a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c); see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  *Ohle v. United States*, 15-3603 (2nd Cir., May 12, 2016).

Ohle's certificate of appealability set forth the following three issues:

1. Whether trial counsel Abrams' representation of Mr. Ohle constituted ineffective assistance of counsel depriving Mr. Ohle of his Sixth Amendment constitutional rights?
2. Whether Mr. Abrams' undisclosed debilitating illness constituted an actual conflict of interest that adversely affected his performance and resulted in an actual lapse in representation depriving Mr. Ohle of his Sixth Amendment constitutional rights to effective representation of counsel?
3. Whether Mr. Abrams' failure to thwart the government's presentation of false evidence at trial, as well as the government's concealment and suppression of exculpatory evidence, constituted ineffective assistance of counsel depriving Mr. Ohle of his Sixth Amendment and due process rights?

COA, pp. 1-2.

The new evidence – the hotly-contested administrative files of the IRS civil tax shelter audits of both Bank One and J&G, discovered on December 12, 2016 pursuant to the FOIA request – supports Ohle's certificate of appealability on all three claims. The evidence, now proven, when viewed in light of the evidence as a whole, sufficiently establishes by clear and convincing evidence that no reasonable fact finder would have found Ohle guilty of the offense. Further, the new evidence exposes the government's systematic, six-year concealment of the requested evidence that it falsely represented was produced to Ohle pre-trial.[1]

---

[1]    It is indisputable that the government failed to produce the administrative files from the IRS, so it failed to meet its duties under *Brady* and Abrams could not have found the ***unproduced*** documents in the electronic discovery. In defense of the government's misconduct, Okula claims that the government was unaware and did not possess the IRS civil investigations. This claim is factually untenable and legally insufficient.

The simple fact is: the government failed to produce the IRS civil investigations prior to trial that Mr. Ohle identified as critical to his preparation for and defense at trial, denying Mr. Ohle of his Constitutional rights, then proceeded to cover-up its misconduct until the October 28, 2016 admission.

In sum, the government failed to produce the new evidence to Ohle prior to trial, and the new evidence proves Ohle's innocence, which supports an order for the district court to consider a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255(h):

1. Ohle identified the IRS civil investigations of Bank One and J&G as central to proving his innocence.

2. Abrams requested J&G statements to the IRS, its internal documents related to HOMER and its attorney notes. Okula falsely represented that the documents did not exist.

3. The IRS civil tax shelter promoter administrative files contain exculpatory statements central to Ohle's conviction – namely, property interest of parties in HOMER consulting fees, roles and responsibilities, payment of fees, nature of payment, and deal structure.

---

4. Okula falsely represented that the government produced all evidence in its possession to Ohle prior to trial, obtaining fraudulent denials of Ohle's motion for new trial, the Second Circuit appeal, motion for discovery, 28 U.S.C. § 2255 petition, and certificate of appealability.

5. Okula continued to conceal the government's failure to produce the IRS civil investigations until August 18, 2015 when he argued in related forfeiture proceedings that the government was "unaware" of the J&G civil audit file.

6. Directly confronted by Ohle's 60(b) motion, Okula admitted in October 28, 2016 opposition brief that the government never produced the IRS civil investigation of Bank One or J&G and only produced certain J&G documents post-trial, representing that the government did not possess the IRS civil investigations prior to trial.

7. On December 12, 2016, IRS FOIA Agent Williams confirmed that the IRS was in possession of the administrative files related to its civil tax shelter promoter audit of Bank One and J&G (which contains 15 banker boxes and 120,000 images) at all relevant times. Williams' statement proves the prosecutor's continuing fraud on the Court.

8. Ohle is entitled to a successive 28 U.S.C. § 2255 petition in light of the new evidence and admission since this Honorable Court's denial of his certificate of appealability and the government's fraud.

9. When the IRS civil investigations are returned, the documents will support Ohle's defense that Bank One had no property rights in the "contested payments" and the payments were not "referral fees." Furthermore, the entire basis of the government's case that Bank One was entitled to 2% on each HOMER transaction and the Services Agreements did not reflect the agreement will be defeated.

Ohle respectfully requests an order authorizing the district court to consider a successive or second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255(h). Specifically, Ohle should be allowed to set forth the prosecutorial misconduct claims that were suspected, but unconfirmed due to the government's fraud and corrupted discovery production, at the time of the initial 28 U.S.C. § 2255 filing.

The denial of a successive 28 U.S.C. § 2255 petition by this Court would be unjust and inherently unfair in light of these facts.

## Question 11A:  Newly Discovered Evidence

A.  <u>Government Admission:  Did Not Produce Newly Discovered Evidence</u>

Following the denial of Ohle's certificate of appealability, new evidentiary developments emerged bearing sufficient importance to obtain an order authorizing the district court to consider motion pursuant to § 2255(h).  Specifically, the Government admitted in its opposition to Ohle's Motion for Relief under F.R.C.P. 60(b)(3) that it failed to produce the IRS civil investigations that were at the core of Ohle's post-trial filings and previous 28 U.S.C. § 2255 filings.

This fact – the government failed to produce the IRS civil investigations to Ohle prior to trial - is essential to proving the Ohle's claim that his trial counsel failed to obtain the exculpatory evidence.  Further, the admission proves that the government defrauded Ohle and the Court through its false representations, in its opposition to Ohle's post-trial filings and previous 28 U.S.C. § 2255 filings, that it produced the IRS civil investigations prior to trial, that Mr. Ohle's trial counsel failed to locate the evidence in its production, and the evidence was not exculpatory.  Similarly, the government's fraud ultimately resulted in corruptly obtaining orders from the Courts denying Mr. Ohle's motions.

In the October 28, 2016 filing, the government states,

. . . the Government represented that, although it turned over the J&G documents relating to the IRS audit (in the *post-trial* production of boxes and disks and hard-drive), it did not *possess* the IRS's promoter penalty audit files relating to J&G and Bank One. ECF No. 63, p. 19 (*emphasis added*).

In defense of the government's failure to produce the evidence, AUSA Okula claims that the government did not possess the IRS civil investigations.

B.  New Evidence:  FOIA Allows Ohle to Obtain IRS Investigations

Following this Honorable Court's denial of the certificate of appealability in his 2255 proceedings[2], on August 19, 2016, Ohle filed a Freedom of Information Act ("FOIA") request with the IRS due his continuing contention that the IRS administrative files were not produced prior to trial, and contain exculpatory evidence including sworn statements from both Bank One and J&G confirming Ohle's actual innocence.

On December 12, 2016, Ohle received confirmation from IRS FOIA agent Patricia Williams that the government possessed the IRS civil investigations of both Bank One and J&G at all relevant times, and will produce the IRS investigations on or before March 31, 2017.

---

[2] And, the district court's repeated denial of Ohle's requests to subpoena the IRS for its administrative files related to its civil tax shelter promoter audits of Bank One and J&G.

The six-year effort to obtain the IRS civil investigations that the government swore were produced to Ohle prior to trial, and systematically concealed during post-trial proceedings, was finally successful outside of the prosecutors' corruption and fraud on Ohle and the Courts. The FOIA request was assigned to IRS agent Patricia Williams ("Williams"), who labored for months attempting to locate the IRS civil investigations. As a result, on December 1, 2016, Ohle provided Williams with the names of the IRS agent James Johnson and the Department of Justice ("DOJ") attorney John Linquist who were directly involved in the joint civil and criminal investigation of J&G. However, on December 7, 2016, Williams found a person who knew exactly where to obtain the IRS civil investigations - IRS Special Agent Shawn Chandler ("Chandler"), a member of Okula's prosecution team, who submitted a sworn declaration in support of the government's forfeiture motion. Chandler immediately directed Williams to Michael Halpert, IRS Program Manager, Large Business Group, who was in possession of the IRS civil investigations of both Bank One and J&G.

On December 12, 2016, Williams confirmed to Ohle's counsel that she had obtained the IRS civil investigations and that the documents had been sent to a government contractor to be copied electronically for disclosure review.

Again, the government's prosecutorial misconduct is clear: the October 28, 2016 admission that the IRS civil investigations were not produced to Ohle prior to trial is accompanied by another fraudulent representation to the Court – "it did not possess the IRS's promoter penalty audit files relating to J&G and Bank One."

On January 25, 2017, Williams sent correspondence to Ohle's counsel confirming the extension request, which Ohle granted, to March 31, 2017, when after six-years Ohle will obtain the administrative files from the IRS civil tax shelter promoter investigations of Bank One and J&G.

It must be noted that the focus of the IRS civil investigations of Bank One and J&G directly relates to the core issues in Ohle's criminal case (e.g., the parties and their roles in the tax shelter, the amount of tax shelter fees received by each party, the payment and purpose of third party payments by each party in the tax shelter, the internal notes, correspondence and documents subpoenaed from each tax shelter participant).[3]

C.    Evidentiary Effect of Newly Discovered Evidence

In support of an order authorizing the district court to consider motion pursuant to § 2255(h), Ohle submits that the evidence, if proven and viewed

---

[3]    It is undisputable from the government's admission that it failed to review the IRS investigations prior to indictment. In fact, the prosecutors have never, to this very day, reviewed the extensive IRS administrative files (15 banker boxes plus 120,000 images) that are directly related to the issues in Mr. Ohle's criminal case.

in light of the evidence as a whole, sufficiently establishes by clear and convincing evidence that no reasonable fact finder would have found Ohle guilty of the offense. Specifically, the IRS civil investigations contain sworn statements from both Bank One and J&G that three contested payments at issue in Ohle's trial were paid out of J&G's property, and were not the property of Bank One.

Similarly, Abrams argued in his Rule 33 Motion for New Trial that: "the government presented evidence at Ohle's trial that was false, and that the government may have known, and certainly should have known, that the evidence was false." Record Document No. 44, at 4, Ohle Reply to Response to Motion re: Motion for Discovery (quoting Ohle Memorandum of Law in Support of Motion for New Trial, at 11-12). "Documents drawn from the undisclosed boxes undermine the correctness of the jury's verdict, cutting across all aspects of the government's case." Record Document No. 41, at 9, Ohle Memorandum of Law in Support of Motion for Discovery. (quoting Ohle Motion for New Trial, at 11). "[D]ocuments contained in the previously unproduced boxes show unequivocally that Bank One's agreement with J&G was that Bank One would be entitled to a base of only 1%--and not 1.8%--on HOMER transactions. (Ex. 1, 2)." Trial Record, Document 159, at 14, Ohle Memorandum of Law in Support of New Trial

referenced throughout Mr. Ohle's § 2255 briefing documents. "This evidence shows that the government's claim that Ohle conspired to deprive Bank One of its property is untenable.[4] Bank One had no entitlement to fees on the HOMER transactions above 1%." Id. at 15.

---

[4] First, the Internal Revenue Service manual provides clear guidance on the interaction between IRS agents during parallel civil and criminal investigations of tax shelter promoters. Second, DOJ was provided the IRS civil investigations by J&G counsel McDermott, Will & Emery as evidenced in its correspondence to DOJ civil trial attorney John Linquist. Third, IRS FOIA agent Williams confirmed on December 12, 2016 that the IRS civil investigations were in the possession of the IRS. And, finally, IRS Special Agent Chandler not only knew about the IRS civil investigations, but directed IRS FOIA agent Williams to IRS Manager Halpert who had custody of the IRS administrative files.

## Prayer for Specific Relief

Based on the foregoing, Ohle respectfully request this honorable Court grant the district court authority to consider a successive or second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255(h) with instructions thereto: (a) to issue subpoena to IRS for documents set forth in FOIA request, dated August 19, 2016; and (b) to hold an evidentiary hearing to present exculpatory evidence and create record of government's misconduct.